IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK J. GILMORE, (SPN #89951), | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-14-1866 |
| CITY OF BRYAN, TEXAS, et al., | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

Patrick J. Gilmore, an inmate of the Brazos County Detention Center, sued in July 2014, alleging a denial of due process in a state-court criminal case. Gilmore, proceeding pro se and in forma pauperis, sues the City of Bryan, the City of Bryan Narcotics Team, Mark Hamlin, the Brazos County Clerk; Wayne Dickie, the Facility Director; and David G. Hilburn, court-appointed counsel.

A review of the pleadings leads the court to conclude that Gilmore's claims are not a sufficient basis for the case to proceed at this time. This civil action is stayed and administratively closed, without prejudice. The reasons are explained below.

**I.    The Allegations in the Complaint**

Gilmore alleges that on October 3, 2013, members of the City of Bryan Narcotics Team kicked in the door of Dreamer Brown's apartment, looking for Gilmore. He alleges that although the officers had a search warrant, it was illegal because it did not contain his name or the location to be searched. The search turned up illegal narcotics. Gilmore alleges that he did not know about the drugs, which were found in a trash can in another part of the residence. Gilmore was arrested

and charged with manufacture and delivery of a controlled substance. Gilmore alleges that Mark Hamlin, the Brazos County Clerk, failed to file motions or represent him vigorously, and did not file his habeas corpus application. Gilmore seeks unspecified compensatory damages.

## II. The Standard of Review

28 U.S.C. § 1915A states:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; . . .

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III. Analysis

Gilmore was charged in Brazos County with manufacture and delivery of a controlled substance. (Cause Number 13-05581-CRF-361). This charge is still pending. He was also charged with violating his parole. (Cause Number 05930543). To recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If a judgment for the plaintiff on the § 1983 claim would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* A damages claim related to a conviction or sentence that has not been invalidated cannot proceed under 42 U.S.C. § 1983. *Id.*

Gilmore's allegations would, if true, necessarily implicate the validity of the pending charges against him and any potential conviction that might result. Such allegations cannot proceed under § 1983 at this time. *See Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir. 1996) (holding that *Heck* precludes proceeding on allegations of excessive force and false arrest because, if successful, they would call into question the validity of the plaintiff's conviction).

The problem is even more acute when, as here, there is no conviction, merely an indictment. The Supreme Court has explained that if a plaintiff files a false arrest claim before he has been convicted, or files other claims related to rulings that will likely be made in a pending or anticipated criminal trial, the district court may, and following common practice often does, stay the civil action until the pending or potential criminal case has been decided. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). If the plaintiff is ultimately convicted, and if the stayed § 1983 action would invalidate that conviction, *Heck* will require dismissal; if not, the § 1983 action will proceed, absent some other bar. *Wallace*, 549 U.S. at 394 (citing *Edwards v. Balisok*, 520 U.S. 641, 649 (1997)); *Heck*, 512 U.S. at

487.

In *Mackey v. Dickson*, 47 F.3d 744 (5th Cir. 1995), the Fifth Circuit addressed such a circumstance:

> The record does not clearly reflect that a successful attack on Mackey's arrests will implicate the validity of his confinement. It is not clear whether or not Mackey has been tried or convicted. When his suit was filed, it appears that he was confined pursuant to the March 21 indictment, the validity of which would not necessarily be implicated by any illegality in earlier arrests. If Mackey is tried and convicted and in his contested criminal case no evidence is presented resulting directly or indirectly from any of his arrests, it is difficult to see how any illegality in any of his arrests could be inconsistent with his conviction. On the other hand, if he is convicted and evidence is presented by the prosecution at his criminal trial which is a direct or indirect product of one or more of his arrests, then his section 1983 damage claims challenging the validity of his arrests would appear to undermine the validity of his conviction and hence be barred by *Heck*. Of course, in any event any equitable relief in the nature of release from confinement would be barred by *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).
>
> At this point it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck*. Accordingly, the district court erred in dismissing the claims on the basis of *Heck*. The court may--indeed should--stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.

Id. at 745.

In *Brown v. Taylor*, 139 F. App'x 613, 2005 WL 1691376 (5th Cir. 2005), the Fifth Circuit stated, in an unpublished opinion, that to the extent that Brown's allegations concerned pending criminal charges, the district court's dismissal of his civil-rights complaint under *Heck* was erroneous. Instead, the district court should have stayed the action until the pending criminal case against Brown had run its course. *Id.* (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)).

*See also Smith v. Holtz*, 87 F.3d 108, 110 (3rd Cir. 1996) (holding that a claim challenging the validity of a future conviction raises the same concerns as a claim challenging the legality of a conviction and, as a result, "does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist.").[1]

Because Gilmore's pleadings reflect that his criminal case remains pending, the court must stay and administratively close this civil case until his state court proceedings are completed.

## IV. Conclusion

The action filed by Patrick J. Gilmore (SPN #89951) is premature. The action is stayed, and administratively closed, until the court enters an order lifting the stay and reinstating the case to the active docket. Within 30 days after judgment is entered in the state-court proceedings, Gilmore must file a "Motion to Reinstate" this case. Failure to do so within that deadline may waive the opportunity to proceed.

SIGNED on November 10, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[1] Other circuit courts have relied on *Smith* in extending *Heck* to pre-conviction criminal charges. *See Shamaeizadeh v. Cunigan*, 182 F.3d 391, 397 (6th Cir. 1999); *Covington v. N.Y.C.*, 171 F.3d 117, 124 (2nd Cir. 1999); *Washington v. Summerville*, 127 F.3d 552, 555 (7th Cir. 1997).